*616 OPINION of the court, by
Judge Owsley.
— This is an action on tlm r , brought in the Fayette ¿ircuit court, ly the a¡ peibmt against the appellee. The deduction i hau.e; th.it die appellee, for and in conside-rar >n of (-l,-,, hundred dollars, did bargain and sell to the ;>pp"'hi’it a .i* tam negro boy named Abram, and did by his cut-in u ri n, then and there given and ciibsc Tied bv du- nppt !L<-. acknowledge the receipt of sud *-u a ; and id imilur by said writing represent a,nl ii i xr;af e ibnsaui negro boy was then and there s ,und ami he dt i and did warrant him against the cljiffl of urypowa else whatever; and avers that th: sail o y was not. at the time of said sale and delive- *617 vt, s<"'Uinl and healthy, but was then and there, and for a long time before had been afflicted with a certain disease called the dropsy, of which unsoundness he af-terwards died.
A hill offal# affirming th# thing fold to b« snons, and containing an exp. prefs warranty of title, doe» not amount t* an atprtss loar* ranty of soundness.
Where there is not an exprtss •¡Barrenly, but only an affirm** tisn of stundnta at fthe time of the fale, in am action fora faife affirmation, the declaration Ihould charge that the vendor knew of the unfoundnets.
The appellee pleaded non assumpsit, whereupon issue was joined. Upon the trial the appellant produced in evidence the following writing, signed by the appel-lee, viz. “ Received of William Smith, of Lexington, three hundred dollars, for a negro boy named Abram, which negro is sound and healthy, and I warrant the title of said boy against the claim or claims of every person whatever ; as witness my hand this 26th of March 1810.” After which he moved the court to instruct the jury that if,they were of opinion from the evidence that the defendant sold the negro in the declaration mentioned to the appellant, with a warranty of his soundness, and that the negro at the time of the sale and warranty was unsound, and of which unsoundness he afterwards died, that the appellant had a right to recover such damages as they should think he was entitled to from the evidence. The court overruled the motion, and refused to give the instructions to the jury. A verdict and judgment was obtained by the appellee, from which the appellant hath prosecuted this appeal.
The git of this action is the warranty and the unsoundness of the negro at the time of the warranty. Proof of these facts would shew a legal right in the appellant to recover ; and if from the evidence the jury could legally have deduced the existence of those facts, or had the evidence been of that description the weight and effect of which could alone be determined by the jury, and which conduced in any degree to the establishment of those facts, there could be no doubt but that th# court erred in withholding the instructions asked. Rut the evidence offered by the appellant ta prove the warranty, is in writing, the legal effect and operation of which it is competent for the court to decide. If, therefore, the evidence does not prove a warranty of the soundness of the negro, on the part of the appellee, the court did right in refusing to give the instruetions to the jury. For if the legal effect of the evidence produced was proper for the court to decide, and did not su¡ - port the action on the part of the appellant, the court cannot have erred in refusing to instruct the jury the *618 appellant had a fight to recover. It therefore become* necessary to enquire whether the writing produced is an undertaking on the part of the appellee that the negro was sound and healthy. That the appellee did not intend warranting the negro sound, we think evident from the writing. It contains an acknowledgment oí the receipt of the money for which the negro was sold, a representation that he was sound, and an express warranty of title. Had the appellee intended to warrant the negro sound, it is most reasonable to suppose the warranty would have been so worded as to embrace it. This not having been done, evinces clearly an intention to warrant the title only. The writing produced in evidence by the appellant, therefore, does not prove a warranty that the negro was sound, and consequently evidences no responsibility on the appellee for an undertaking that he was sound. It is true the declaration contains an averment that the appellee represented the negro to be sound, and that the writing proves such a representation : but that averment, unconnected with any other, can produce no legal responsibility ; it gives no cause of action. To make the ap-pellee liable for a false affirmation or representation of soundness, the declaration should have charged as a substantive allegation that he knew die negro was unsound — Cro. Ja. 4, Esp. N. P. 629, 1 Com. Dig. 243, Fitz. N. B. 214, 2 N. Y. Term Rep. 48, Hard. Rep. 50. The declaration in this case containing no such averment, the appellant could alone recover upon the warranty : ard having declared upon a warranty made in writing-, which when produced proves no such an undertaking, we are of opinion that the court decided correctly in refusing to give the instruction asked. The judgment of the circuit court must therefore be affirmed with costs, &c.